IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DONALD STEPHENS**                                                                                               **PLAINTIFF**

V.                                               4:25CV00776 JM

**HARCROS CHEMICALS, INC. and**
**i3LOGIX, INC.**                                                                                                 **DEFENDANTS**

## ORDER

Plaintiff Donald Stephens applied for the position of Warehouse Worker Driver with Defendant Harcros Chemicals, Inc. ("Harcros"). According to the Complaint, Harcros offered Plaintiff a conditional offer of employment contingent on the mandatory DOT drug testing and background check. A week later, Harcros received Plaintiff's test result from Quest Diagnostics facility that indicated a positive result for marijuana metabolite. The next day Plaintiff spoke with Hacros's Hiring Manager Doug Gwatney. Plaintiff told Gwatney that he had eaten half a CBD gummy for anxiety and had not used any marijuana. Gwatney stated he would contact Katie Wassenberg, the Human Resources Specialist for Harcros, and get back with Plaintiff. Ms. Wassenberg emailed Plaintiff and withdrew the offer of conditional employment because of the failed drug test. Plaintiff informed Ms. Wassenberg that he had eaten a small piece of a CBD gummy because he was suffering from anxiety. Plaintiff sent an email to Wassenberg asking Harcros to initiate a return to duty process. He also asked to be accommodated because of his disability. Harcros did not respond.

Plaintiff filed suit against Harcros and i3Logix, Inc.,[1] the Medical Review Officer ("MRO"), that Harcros hired to verify and report the results of Plaintiff's drug test. Harcros filed a motion for judgment on the pleadings and i3Logix filed a motion to dismiss for failure to state a claim. Approximately a month after filing responses in opposition to both motions, Plaintiff filed a motion for leave to amend his complaint.

In the amendment, Plaintiff seeks to further plead the timing of his EEOC charge, correct the name of i3Logix, and allege intentional misrepresentation, deceit, and medical negligence claims against i3Logix for the failure of its employee Dr. Steven Paschal to analyze and correctly report the results of Plaintiff's drug test. The Court finds that the amendment would be futile. Plaintiff's "added claims" of intentional misrepresentation and deceit were alluded to in his original complaint and were included by the Defendants in their motions. The fact that Harcros is a Kansas corporation and there is a 300-day filing period for charges of discrimination in Kansas was also argued in the motions. Adding this information in an amended complaint is unnecessary here because it does not change the Court's analysis. Further, i3Logix merely asked for its name to be corrected in the original complaint and did not seek dismissal based upon this error. Finally, as the Court will explain below, the addition of a state law medical negligence claim is not helpful to the Plaintiff. Therefore, Plaintiff's motion to amend his complaint is futile. The Court will analyze the pending motions pertaining to the original complaint (the "Complaint").

In Count I of the Complaint, Plaintiff alleges that Harcros discriminated against Plaintiff on the basis of his race when it failed to conduct a thorough investigation of his claim of false-positive drug test, withdrew its offer of employment, and hired a person outside of the protected

---

[1] Plaintiff named Nationwide Medical Review as a defendant. i3Logix states that Nationwide Medical Review was erroneously named and that i3Logix, Inc. is the correct name of the defendant. The Clerk is directed to make this correction.

class who was less qualified. He alleges that i3Logix "intentionally misrepresented the fact that the Plaintiff had explained to him [Dr. Paschal] that he used a hemp product that could have caused a false-positive for marijuana." (Comp., Dkt. No. 1 at ¶ 29). Plaintiff contends that these actions are violations of Title VII and 42 U.S.C. § 1981.

In Count II, Plaintiff alleges that Harcros violated the Americans with Disabilities Act when it rescinded the job offer based on his disabilities of anxiety and a heart condition. Plaintiff contends that Harcros and i3Logix were required to notify Plaintiff that he had a right to take an additional test within 72 hours of the positive result for THCA which was never communicated to him. Plaintiff alleges that even after Harcros became aware that Plaintiff had eaten a CBD gummy Harcros did not investigate the possibility of a false positive for marijuana or enter into an interactive process with Plaintiff to accommodate his disabilities.

In Count III, Plaintiff alleges that i3Logix had a duty to inform Plaintiff of his right to take another drug test within seventy-two hours and a duty to tell Harcros that Plaintiff had eaten a CBD gummy for anxiety. Plaintiff alleges that i3Logix told Harcros that Plaintiff had no response to the negative drug test. Plaintiff claims that i3Logix's negligence was the proximate cause of Harcros's decision to rescind Plaintiff's job offer. There are no allegations against Harcros in Count III.

    I.    <u>i3Logix's Motion to Dismiss</u>

To survive a Rule 12(b)(6) motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Although "specific facts are not necessary," the plaintiff must allege facts sufficient to "give fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*,

551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id*. at 562. This standard "simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id.* at 556. The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. *Id.*

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. When considering a Rule 12(b)(6) motion, the Court must assume the factual allegations of the complaint to be true and construe them in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989). The Court is not bound to accept as true a legal conclusion couched as a factual allegation. *Twombly*, 550 U.S. at 555.

i3Logix argues that Plaintiff's Title VII, Arkansas Civil Rights ("ACRA"), and ADA claims should be dismissed because Plaintiff did not exhaust his administrative remedies and because i3Logix was not Plaintiff's employer. As for the negligence claim, i3Logix argues that the claim fails as a matter of law because it is preempted by federal law and there is no private right of action to enforce Department of Transportation ("DOT") drug testing regulations.

A. Discrimination

Plaintiff concedes that his Title VII, ADA, and ACRA claims do not apply to i3Logix. In Plaintiff's response, he states, "The employment claims that [sic] that the Plaintiff brings against

4

Harcros pertains to Harcros, except that i3Logix's [sic] can be held liable under 42 U.S.C. § 1981 when the MRO made an intentional misrepresentation that the Plaintiff had marijuana metabolites that exceeded the legal limits for hemp and its intentional misrepresentation that Plaintiff did not have an explanation of why he had a positive test interfered with his contractual right of employment with the Defendant, Harcros." (Resp., Dkt. No. 22-1 at p. 4-5). Therefore, the motion to dismiss the Title VII, ADA and ACRA claims against i3Logix is granted.

      Section 1981 protects certain activities from racial discrimination, including the making and enforcement of contracts and "the full and equal benefit of all laws and proceedings for the security of persons and property." 42 U.S.C. § 1981 (2000). In order to state a claim under Section 1981, a plaintiff must allege the following: "(1) membership in a protected class, (2) discriminatory intent on the part of the defendant, (3) engagement in a protected activity, and (4) interference with that activity by the defendant." *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 469 (8th Cir. 2009) (citing *Green v. Dillard's, Inc*., 483 F.3d 533, 538 (8th Cir. 2007)). i3Logix contends that Plaintiff failed to allege that it had discriminatory animus toward Plaintiff. In fact, the Complaint does not state that i3Logix discriminated against Plaintiff based upon his race.[2] It merely states that the MRO intentionally misrepresented the fact that Plaintiff had explained away the positive test result based on his use of a CBD gummy.[3] There is no allegation that i3Logix was aware of Plaintiff's race. Plaintiff's response states that under the Cat's Paw theory "discriminatory animus of i3Logix could be held against Harcros in determining discriminatory animus." (Resp., Dkt. No. 22-1 at p. 5). This argument is not helpful to Plaintiff's claim against

---

[2] The Court notes that Plaintiff does not include a Section 1981 claim against Defendant i3Logix in the proposed amended complaint.
[3] 49 C.F.R. § 40.151 explicitly states that an MRO cannot "accept an assertion of consumption or other use of a hemp or other non-prescription marijuana-related product as a basis for verifying a marijuana test negative."

5

i3Logix where Plaintiff has failed to allege racial animus by i3Logix. Therefore, Plaintiff's Section 1981 claim against i3Logix is dismissed for failure to state a claim.

      B. Negligence

Because there are no remaining federal causes of action against i3Logix, the Court declines to exercise supplemental jurisdiction over the state law negligence claim.

      II.      <u>Harcros's Motion for Judgment on the Pleadings</u>

Under Rule 12(c), the Court is required to "accept as true all factual allegations set out in the complaint" and to "construe the complaint in the light most favorable to the plaintiff[s], drawing all inferences in [their] favor." *Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009) (quoting *Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir. 2006). "Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law, the same standard used to address a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Id.* (internal citations omitted). The distinction between a 12(b)(6) and 12(c) motion is purely formal. *See Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A Rule 12(c) motion, unlike a 12(b)(6) motion, can be filed after an answer. *See* Fed. R.Civ. P. 12(c).

Plaintiff alleges Harcros discriminated against him because of his disability and his race. Plaintiff failed to file any EEOC charge claiming race discrimination against Harcros. Therefore, his claim for race discrimination under Title VII and ACRA are dismissed for failure to exhaust administrative remedies.

Plaintiff alleges that Harcros discriminated against him based on his race in violation of Section 1981. The Complaint does not contain any facts to support a race discrimination claim.

6

Plaintiff's employment offer was contingent on passing a drug test, as required by the DOT. Plaintiff failed the drug test and the offer was withdrawn. The § 1981 claim is dismissed.

Like Title VII, the ADA requires a claimant to file a timely charge of discrimination with the EEOC before filing suit against an employer. 42 U.S.C. §12117(a). The statute of limitations for filing a charge depends on the state where the alleged unlawful practice occurred. *See* 29 U.S.C. § 633(b). In states with a state or local agency authorized to investigate employment discrimination, called deferral states, the deadline to file a charge is 300 days after the discriminatory action. In states without state or local agencies authorized to investigate discrimination, non-deferral states, the deadline is 180 days. Kansas, the state where Harcros's headquarters is located, has a 300-day deadline. Arkansas, where Plaintiff lives, where Plaintiff applied for the job, and where the job is located, has an 180-day deadline for filing a charge of discrimination. Plaintiff filed his charge of discrimination in Kansas 266 days after his conditional offer of employment was rescinded. Plaintiff argues that the Kansas 300-day statute of limitation is applicable to his case because all the decisions were made about his potential employment in Kansas. Harcros contends that the Arkansas statute of limitations applies here because Plaintiff and the job he applied for were located in Arkansas.

Plaintiff has not provided the Court with any law supporting his position that Kansas law should apply because the employment decision was made in Kansas at the company's headquarters.[4] In his motion to amend the Complaint, Plaintiff succinctly states that he had a right to file his charge in Kansas. Harcros cited several cases, albeit from other jurisdictions, ruling to the contrary. The Court is persuaded by the district courts which have found that the

---

[4] Both defendants argued that Plaintiff's EEOC charge was untimely in their motions to dismiss. Plaintiff was aware of the argument when he responded to the motions. He merely responded that the Harcros headquarters was located in Kansas and Kansas is a deferral state where the Plaintiff had 300 days to bring his claim to the EEOC.

alleged discrimination took place in the state where the plaintiff worked and was terminated. *See Hardin v. Oakley Transport, Inc.*, 773 F.Supp.3d 1320, 1337 (M.D. Fla. 2025) ("The location where an employment decision takes place should not be a decisive factor to determine the law applicable to claims affected by the decision."); *Hannah-Jones v. Amazon.com Servs., Inc,* 2025 WL 3681369, at *6 (N.D. Ga. May 15, 2025) ("Plaintiff lived and worked in Georgia at the time of his termination. That the decision to deny his request for a promotion was made at defendant's headquarters in Washington and that plaintiff periodically traveled there for work is not enough to bring his Title VII claims within the ambit of Washington's extended filing period."); *Arnold v. United Parcel Serv., Inc.,* 2012 WL 1035441 at *2 (M.D. Ga. 2012) ("An employee working in a non-deferral state should not get the benefit of the deferral state limitations just because the employment decision was made in the deferral state."); *Morton v. ICI Acrylics, Inc.*, 69 F.Supp.2d 1038, 1043 (W.D. Tenn. 1999) ("This court will not create a test which makes the place of decision the decisive factor. Such a test would be easily susceptible to the machinations of wily employers, who could make all their decisions in employment matters in non-deferral states to ensure that no employees have the advantage of the 300–day time frame.")

The Court finds that the alleged discriminatory acts by Harcros occurred in Arkansas. Plaintiff failed to file his charge of discrimination with the EEOC within 180 days of the alleged discrimination. His claim under the ADA is time-barred.

### III.   Conclusion

Plaintiff's motion to amend the Complaint (Dkt. No. 26) is DENIED as futile. Defendant i3Logix's motion to dismiss (Dkt. No. 15) is GRANTED. Defendant Harcros's motion for judgment on the pleadings (Dkt. No. 17) is GRANTED. The Complaint is dismissed with prejudice. The Clerk is directed to close the case.

IT IS SO ORDERED this 23rd day of January, 2026.

                                               _____
                                               James M. Moody Jr.
                                               United States District Judge